UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAT TERRY (#550371)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 12-765-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 8, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAT TERRY (#550371)

VERSUS                                                     CIVIL ACTION

BURL CAIN, ET AL                                           NUMBER 12-765-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Pat Terry.

Petitioner was convicted and sentenced in 2009 Jefferson Parish, Louisiana and is now confined at Louisiana State Penitentiary, Angola, Louisiana. Petitioner challenged his custody as the result of the determination that he is ineligible to earn diminution of sentence on his conviction on a charge of Computer Aided Solicitation of a Minor.

Based upon the petitioner's allegations, it is clear that he is not attacking either his conviction or the sentence. Instead, the petitioner is challenging the execution of his sentence by prison personnel. As such, the petitioner's complaint should be properly considered as a habeas corpus application under 28 U.S.C. § 2241. *See, Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000).

Congress provided that the writ of habeas corpus shall not be

granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*.  The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state

remedies has been held a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

Petitioner alleged that after his request for administrative relief was denied he filed a Petition for Judicial Review in the state district court, which petition is still pending before the state court commissioner.[1]  It is clear on the face of the complaint that the petitioner has failed to exhaust available state remedies.  Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, January 8, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Record document number 1, p. 18.